IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME McBRIDE, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GJH-17-2396 |
| WARDEN and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents. | * | |

\*\*\*

## MEMORANDUM OPINION

Self-represented Petitioner Jerome McBride[1] filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2001 conviction in the Circuit Court for Harford County, Maryland for attempted murder and related offenses. ECF Nos. 1, 3. On November 30, 2017, Respondents filed a Limited Answer arguing that the Petition is time-barred under 28 U.S.C. § 2244(d). ECF No. 12.

By Order dated December 8, 2017, this Court stayed the matter pending the United States Court of Appeals for the Fourth Circuit's decision in *Mitchell v. Green*, No. 17-7450 (4th Cir.), which considered, *inter alia*, whether a § 2254 petitioner was entitled to statutory tolling of the limitations period during the time a motion for modification was pending in Maryland state court. ECF No. 13. On April 17, 2019, the Fourth Circuit issued its opinion in *Mitchell*, holding that the petitioner's motion for sentencing reconsideration in that case tolled the statute of limitations because it constituted an application "for State post-conviction or other collateral review with respect to the pertinent judgment" under Section 2244(d)(2). *Mitchell v. Green*, 922 F.3d 187, 189, 198 (4th Cir. 2019).

---

[1] The Clerk shall be directed to correct the spelling of Petitioner's last name on the docket.

Thereafter, Respondents filed correspondence stating that despite the holding in *Mitchell*, McBride's Petition is still untimely. ECF No. 21. McBride then filed several letters to the Court (ECF Nos. 22, 23, 24, 27, 28, 30), as well as a self-titled Motion for Review of Petition (ECF No. 26) and Motion for Relief from Judgment (ECF No. 29).

There is no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition is dismissed, McBride's motions are denied, and a certificate of appealability shall not issue.

## Background

On November 1, 2000, McBride was convicted of attempted first-degree murder, two counts of attempted second-degree murder, and two handgun offenses in the Circuit Court for Harford County. *See* Case History, ECF No. 12-1 at 11; *MacBride v. State*, No. 2666, Sept. Term 2000, Slip Op. at 1 (Md. Ct. Spec. App. Apr. 5, 2002), ECF No. 12-2 at 3. On January 8, 2001, he was sentenced to life in prison plus 80 years, with 63 years suspended in favor of five years of probation. *Id.*

On January 23, 2001, McBride filed a notice of appeal in the Court of Special Appeals of Maryland, as well as an application for a three-judge panel review of his sentence in circuit court. ECF No. 12-1 at 11. On February 20, 2001, McBride also filed a Petition for Modification/Reduction of Sentence in circuit court. *Id.*

By order dated July 23, 2001, the three-judge panel left McBride's sentence unchanged. *Id.* at 12. On April 5, 2002, the Court of Special Appeals reversed McBride's convictions for

2

attempted second-degree murder and remanded the case for further proceedings. ECF No. 12-2 at 6-7. Neither party sought further review.

In light of the Court of Special Appeals' mandate, which issued on May 6, 2002, the circuit court granted McBride's Petition for Reopen/Modification and removed the two counts of attempted second-degree murder from the sentencing commitment during a hearing on September 27, 2002. Case Summary, ECF No. 21-1 at 9. The circuit court also set the matter for retrial on the two removed counts. *Id.* On November 27, 2002, following a hearing, a stet was entered on the docket as to the two counts of attempted second-degree murder. *Id.* at 8-9.

On December 23, 2010, McBride filed a "Petition for Post Conviction Reduction/Modification," which the state circuit court construed as a petition for post-conviction relief. *See id.* at 7. On January 19, 2011, the circuit court recognized that McBride's petition "appears to combine a request for modification of sentence with a post-conviction petition." *Id.* Thus, it denied "the portion of the pleading relating to a request for modification of sentence" and referred the "portion of the pleading that relates to a petition for post-conviction" for scheduling. *Id.*

After a hearing on September 30, 2011, the post-conviction court nolle prossed the two counts of attempted second-degree murder and otherwise denied McBride's petition by order dated October 5, 2011 and entered on October 12, 2011. *Id.* at 5. On October 21, 2011, McBride filed an application for leave to appeal in the Court of Special Appeals. *Id.* That application was denied on January 14, 2015, with the mandate issuing on February 13, 2015. *Id.* at 4. On June 17, 2015, McBride filed a petition for writ of certiorari, which the Court of Appeals of Maryland dismissed as untimely on August 27, 2015. *Id.* at 3-4.

3

On August 16, 2017, McBride filed his Petition in this Court.  *See* Envelope, ECF No. 1-1 at 2 (bearing "outgoing inmate mail" stamp of Aug. 16, 2017); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).  McBride claims that there was insufficient evidence to warrant a certain jury instruction; he was denied due process; the prosecution committed a discovery violation; and he received ineffective assistance of counsel.  ECF No. 3.

## Discussion

The threshold issue in this case is the timeliness of the petition.  Only if the Petition is timely may the Court reach the merits of McBride's claims.

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court.  *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011).  Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Here, McBride's conviction became final for direct review purposes on May 21, 2002, when the time for review in the Court of Appeals expired. *See* Md. Rule 8-302 (requiring petition for a writ of certiorari to be filed within 15 days after the Court of Special Appeals issues its mandate). At the time of the appellate court's ruling, however, McBride's Petition for Modification/Reduction of Sentence, which he filed on February 20, 2001, remained pending in circuit court and thus tolled the § 2244(d) limitations period. The one-year period remained tolled through January 19, 2011, when the circuit court denied McBride's request for modification of sentence.[2]

By that time, McBride's petition for post-conviction relief, filed on December 23, 2010, was pending in state circuit court and also operated to toll the federal habeas deadline. The post-conviction petition was denied by order entered on October 12, 2011, and the Court of Special Appeals denied McBride's application for leave to appeal on January 14, 2015. Thus, McBride's

---

[2] The circuit court also ruled on a Petition for Reopen/Modification on September 27, 2002 when, in light of the Court of Special Appeals' partial reversal and remand, it granted McBride's petition and removed the two counts of attempted second-degree murder from his sentencing commitment. In an abundance of caution, this Court will use the later date in calculating the limitations period.

5

post-conviction proceedings became final when the appellate court's mandate issued on February 13, 2015, and the one-year limitations period began to run again.[3]

McBride did not file his Petition in this Court until over two years later, on August 16, 2017. As such, the Petition is time-barred.

McBride claims that he is entitled to equitable tolling because no one informed him about the habeas process or the applicable limitations period. *See* ECF No. 3 at 6. "[T]he one year limitation period is . . . subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris*, 209 F.3d at 330). To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

To the extent McBride lays blame on his attorney for not advising him of the federal habeas deadline, any error by counsel is not a valid basis for equitable tolling. Attorney error is not an "extraordinary circumstance." *See Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (lawyer's miscalculation of limitations period is not a basis for equitable tolling); *Sandvik v. United States*, 177 F. 3d 1269, 1272 (11th Cir. 1999) (lawyer's decision to mail petition by ordinary mail instead of expedited delivery not basis for equitable tolling). "[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the

---

[3] Over four months after the denial of the application for leave to appeal, McBride filed a petition for writ of certiorari, which the Court of Appeals dismissed as untimely. *See* Md. Rule 8-302(a). Because the application was untimely, it was not deemed "properly filed" pursuant to § 2244(d)(2) and therefore did not toll the limitations period. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006).

party's control where equity should step in to give the party the benefit of his erroneous understanding." *Harris*, 209 F. 3d at 331. Nor is McBride's lack of knowledge of the law an adequate basis for equitably tolling the federal filing deadline. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("ignorance of the law is not a basis for equitable tolling).

McBride also appears to assert a claim of actual innocence, a gateway through which the Court may consider untimely habeas petitions. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). To establish an actual innocence claim, a petitioner must first "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Finch v. McKoy*, 914 F.3d 292, 298 (4th Cir. 2019) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Here, McBride provides no new evidence and summarily states that his "petition is under innocence." ECF No. 3 at 6. Therefore, he fails to establish an actual innocence claim.

The Petition is time-barred under 28 U.S.C. § 2244(d). As McBride has not stated a basis for equitable tolling, the Petition shall be dismissed. Accordingly, McBride's motions seeking substantive review of his Petition and judgment in his favor shall be denied.[4]

---

[4] In his numerous letters and pleadings, McBride often cites Rule 60(b) of the Federal Rules of Civil Procedure to argue that he is entitled to relief from a final judgment or order. *See, e.g.*, ECF Nos. 16, 18, 23, 26 28, 29. Rule 60 permits relief from a judgment or order of this Court in order to correct clerical mistakes, oversights, and omissions. Fed. R. Civ. Proc. 60(a). A party may also be granted relief from judgment on motion for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, release or discharged; (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b). To the extent McBride challenges his criminal conviction, Rule 60(b) does not apply because, at a minimum, the judgment or order was not entered in this Court.

To the extent McBride asks this Court to compel certain actions by the state and/or its agents, his action is akin to a petition for a writ of mandamus. *See* 28 U.S.C. § 1361. Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this Court has no mandamus jurisdiction over state employees, including Respondents in this case. *See generally Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

**Certificate of Appealability**

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see Buck v. Davis*, 137 S.Ct. 759, 773 (2017). Because McBride fails to satisfy this standard, the Court declines to issue a certificate of appealability. McBride may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

**Conclusion**

For the foregoing reasons, the Court will dismiss the Petition for Writ of Habeas Corpus and decline to issue a certificate of appealability. McBride's motions are denied.

A separate Order follows.

\_\_\_\_11/24/2020_____  \_/s/_____
Date                                             GEORGE J. HAZEL
                                                 United States District Judge